**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ORIANNA ANDREINA GARCIA RAMIREZ, )
                                 )
            Petitioner,          )
                                 )
v.                               )        Case No. CIV-26-426-J
                                 )
JOSHUA JOHNSON, et al.,          )
                                 )
            Respondents.         )

**ORDER**

Petitioner Orianna Andreina Garcia Ramirez, a citizen of Venezuela, is currently in the custody of Immigration and Customs Enforcement (ICE). She has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 18] recommending that the Court grant the Petition in part by ordering Respondents to provide Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days, at which Respondents bear the burden of proof, by clear and convincing evidence that Petitioner is a flight risk or danger to the community, or otherwise release Petitioner if she has not received a lawful bond hearing within that period. Respondents filed a timely Objection [Doc. No. 19], triggering de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Venezuela who entered the United States on or about December 10, 2021, without admission or inspection. On December 11, 2021, ICE instituted removal proceedings against her by issuing a Notice to Appear, alleging she was an alien present in the United States who had not been admitted or paroled, and on that same date, Petitioner was released from ICE custody under an Order of Release on Recognizance. On February 5, 2026, Petitioner

was taken into custody during a scheduled check-in at an ICE field office.  A second Notice to Appear was issued; Petitioner requested bond, and on February 20, 2026, an immigration judge denied bond for lack of jurisdiction.

Respondents object to Judge Maxfield's conclusion that Petitioner adequately alleged a claim under 8 U.S.C. § 1226(a).  Having reviewed the Petition for Writ of Habeas Corpus, the Court concludes the Petition adequately alleges a claim under § 1226(a).  In the Petition, Petitioner specifically alleges that Respondents violated her statutory rights under the Immigration and Nationality Act by denying her a bond hearing under § 1226(a).  *See* Petition for Writ of Habeas Corpus [Doc. No. 1] at 7.

Respondents further object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention.  *See* Obj. at 2.  Although employing a de novo review, the Court declines to engage in lengthy analysis here.[1]  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases).  Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also assert that Petitioner did not raise a due process claim in her Petition and object to the Report and Recommendation's consideration of a claim that was not raised by

---

[1] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance."  In re Griego, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

Petitioner. Because the Court's finding that § 1226(a) controls Petitioner's detention results in the same relief that would be granted in relation to a due process claim, the Court finds it need not address whether Petitioner properly alleged a due process claim and/or the merits of such a claim.

Finally, with respect to Judge Maxfield's recommendation that at Petitioner's bond hearing, "the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention", *see* [Doc. No. 18] at 23, the Court finds that this issue is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. The Court, therefore, declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof. *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

Accordingly, the Report and Recommendation [Doc. No. 18] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act. The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if she has not received the hearing within that period. Respondents shall certify compliance within ten (10) days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 10th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE